CARODIX CORPORATION, Plaintiff, *v.* ELEANOR TIERI et al.,
Defendants.

Supreme Court, Special Term, Westchester County, October 16, 1945.

*John F. X. McGohey* for Alien Property Custodian, defendant.

*Posner & Posner* for plaintiff.

PATTERSON, J. The defendant Alien Property Custodian moves to dismiss the complaint as against him, on the ground that it appears on the face thereof that the court has no jurisdiction over the person of the Alien Property Custodian, and the court has no jurisdiction of the subject of the action.

The plaintiff cross moves against the City of Yonkers for reimbursement of any moneys advanced by the plaintiff, as assignee of the purchaser at the sale of the transfer of tax lien herein, together with interest and the costs of this action, should the motion of the Alien Property Custodian be resolved in his favor. This motion is not opposed by the City of Yonkers.

The motion of the Alien Property Custodian must be granted. The action is to foreclose a tax lien affecting property, the fee of which has been vested in the Alien Property Custodian of the United States. Enemy property vested in a custodian becomes property of the United States, and suits against him in his official capacity are suits against the United States. That being the case, specific statutory authority to bring it must be found. The only statutory consent to suits against the custodian to recover vested property and to establish an interest therein, is that provided in subdivision (a) of section 9 of the Trading with the Enemy Act of 1917 (U. S. Code, tit. 50, Appendix, § 9, subd. [a]). The reading of that section shows whenever actions are permitted against the custodian, they are permitted only in the Federal courts.

The court being without jurisdiction, the complaint against the Alien Property Custodian is dismissed, and the counter-motion of the plaintiff, as above stated, is granted.