NEW YORK SAVINGS BANK, Plaintiff, *v.* JAMES E. MARKHAM, Alien Property Custodian, as Successor in Interest to PASQUALE I. SIMONELLI, et al., Defendants.

Supreme Court, Special Term, New York County, January 9, 1946.

*John F. X. McGohey, United States Attorney (Thomas S. Donlan* of counsel), for James E. Markham, as Alien Property Custodian, defendant.

*Casimir J. F. Patrick* for plaintiff.

PECORA, J. In this action to foreclose a mortgage held by plaintiff, the Alien Property Custodian, a defendant, moves to dismiss the complaint against him on the ground that the court has no jurisdiction of the person of the Alien Property Custodian or of the subject matter of the action. The fee of the property has been vested by the Alien Property Custodian. Enemy property vested by the custodian becomes the property of the United States. (See *Cummings* v. *Deutsche Bank,* 300 U. S. 115; *United States* v. *Chemical Foundation,* 272 U. S. 1.) Suits against the custodian in his official capacity are suits against the United States, and as such specific statutory authority to bring such suits must exist. Subdivision (a) of section 9 of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 9, subd. [a], as amd.) provides the method for asserting claims against the custodian. Furthermore, whenever suits are permitted against the custodian, such actions must be brought in the Federal courts. The complaint here does not allege any filing of a notice of claim.

The motion by the Alien Property Custodian to dismiss the complaint must therefore be granted upon the ground that the court has no jurisdiction. A similar result was recently reached by Special Term in Westchester County (*Carodix Corp.* v. *Tieri,* 185 Misc. 947), in an action to foreclose a tax lien affecting property, the title of which was in the Alien Property Custodian.